UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 07-2019-Ams

UNITED STATES OF AMERICA

vs.

ESTEVAM HERNANDES-FILHO and
SONIA HADDAD MORAES HERNANDES,

    Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the United States Attorney's Office prior to April 1, 1999? ___ Yes  _X_ No
   If yes, was it pending in the Central Region?
   ___ Yes  ___ No

2. Did this matter originate from a matter pending in the United States Attorney's Office prior to April 1, 2003? ___ Yes  _X_ No

3. Did this matter originate from a matter pending in the Narcotics Section (Miami) of the United States Attorney's Office prior to May 18, 2003? ___ Yes  _X_ No

4. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? ___ Yes  _X_ No

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

BY: _____
ARMANDO ROSQUETE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0648434
99 N. E. 4th Street
Miami, Florida  33132-2111
TEL (305) 961-9377
FAX (305) 530-7976

# United States District Court

__SOUTHERN__ DISTRICT OF __FLORIDA__

UNITED STATES OF AMERICA

V.

ESTEVAM HERNANDES-FILHO
and
SONIA HADDAD MORAES HERNANDES

CRIMINAL COMPLAINT

CASE NUMBER: 07-2019-AMS

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about January 8, 2007, in Miami-Dade County, in the Southern District of Florida, the defendants, ESTEVAM HERNANDES and SONIA HERNANDES, did willfully, that is, with the specific intent to further the unlawful purpose, and knowingly evade a currency reporting requirement under Title 31, United States Code, Section 5316, by concealing more than $10,000, that is, approximately fifty-six thousand dollars ($56,000.00) on their person and did attempt to transport such currency from a place outside the United States to a place within the United States, in violation of Title 31, United States Code, Section 5332(1) and (2) and Title 18, United States Code, Section 2; and the defendants did in a matter within the jurisdiction of the United States, knowingly and willfully make false statements as to a material fact to an Officer of the Bureau of Customs and Border Protection; in violation of Title 18, United States Code, Section 1001 and Title 18 United States Code, Section 2.

I further state that I am a Special Agent with the Bureau of Immigration and Customs Enforcement and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

_____
EDWIN SANTIAGO, SENIOR SPECIAL AGENT
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT

Sworn to before me, and subscribed in my presence,

JANUARY 9, 2007                                   at   Miami, Florida
Date                                                   City and State

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE                    _____
Name and Title of Judicial Officer                Signature of Judicial Officer

## AFFIDAVIT

I, Edwin Santiago, being duly sworn, do hereby depose and state the following:

1. I am a Senior Special Agent with the United States Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), and have been so employed since August 1996. I investigate federal criminal violations of law, including but not limited to the importation of narcotics into the United States, the laundering of narcotics proceeds and violations of the inbound currency reporting requirements. I am currently assigned to the Bulk Currency Smuggling Task Force, located in Miami, Florida. I have conducted several narcotics and money laundering investigations and have become familiar with the methods utilized by money laundering violators and their co-conspirators.
2. I make this affidavit based upon my own knowledge and observations, experience and information provided to me by other sources of information, including other law enforcement officers. This affidavit does not contain every material fact that I have learned during the course of this investigation, but only the facts I believe necessary to establish probable cause and secure a complaint against Estevam Hernandes-Filho and Sonia Haddad Moraes Hernandes (wife). I, Edwin Santiago, being duly sworn, do hereby depose and state as follows:
3. On January 8, 2007, Estevam and Sonia Hernandes arrived at the Miami International Airport, Miami, Florida, on TAM Airlines flight #8090 from Sao Paulo, Brazil.
4. Upon arrival at CBP Passport Control, Estevam filed Protection (CBP) Form 6059B (Customs Declaration) in the Portuguese language to a CBP officer on behalf of himself (Estevam), his wife Sonia and their son Gabriel Hernandes. Question 13 on Form 6059B requires a YES/NO response to the question, which translated from Portuguese to English states: "I am

(We are) carrying currency or monetary instruments over $10,000 U.S. or foreign equivalent." Estevam and Sonia Hernandes marked the "NO" box in response to Question 13 and did not declare any amount on the form.

5. The CBP Officer stamped Estevam's Form 6059B and referred the two subjects to CBP secondary for further examination.

6. CBP Officers then escorted the three subjects to CBP secondary inspection for an examination of their luggage, where CBP Officers asked how much currency the family was traveling with. Estevam stated he had $10,000, after which, Sonia stated that she was also in possession of an additional $10,000.

7. At that point, CBP Officers presented Estevam with a FinCEN 105 (Report of International Transportation of Currency or Monetary Instruments/Presented in the Spanish Language), which he wrote out a monetary declaration of $21,000 (US Currency). CBP Officers then proceeded to ask if they were in possession of any additional currency, to which both Estevam and Sonia replied "No". Upon request for presentation of money, Estevam advised the currency was located inside his wife's (Sonia) purse.

8. At that point, CBP Officers began an examination of the luggage (eight pieces) and observed several bundles of currency contained within different compartments of their suitcases. CBP officers stopped the search and escorted the couple to the Concourse B enforcement area to complete the search. CBP officers again asked the couple to present all currency in their possession, at which point, the couple presented just the purse. A verification of funds in the purse resulted in the discovery of $17,679.00. CBP officers asked again if that was all the money in their possession and again the couple stated "yes".

9. Subsequent search of the luggage resulted in the discovery of a total of $56,467.00 (U.S. currency) discovered in the following locations: $9,088 inside the bible's cover within Sonia's suitcase/ $10,000 in jacket within Estevam's suitcase / $10,000 within Gabriel's back pack (carry-on) and an

2

additional $9,700 inside a CD case. ICE Duty Agent SSA Edwin Santiago and Group 20 Task Force members responded to Concourse B of MIA to conduct a follow-up investigation.

10. During their post-Miranda interviews Estevam stated that he had no knowledge as to the amount of currency his wife was transporting. Estevam advised that he thought he only had a "couple of dollars on his person," Estevam provided a written statement consistent with his oral statements. Estevam advised that the CBP Officers asked them to estimate the total amount of currency transported by all three family members and thus provided an oral and written amount of $21,000.00. Sonia stated that her son in Brazil, identified as Felipe Daniel HERNANDES provided her with an unknown amount of money at the airport in Brazil. Sonia stated that she proceeded to place the unknown amount of currency in her purse. According to previous statements provided by Estevam, Felipe (son in Brazil) and Christian LNU handle the money for the family business, identified as "Gospel Records", Sao Paulo, Brazil. Record checks revealed TECS lookout records (P9Q93228800CSQ/ P9Q93260100CSQ) for both Estevam and Sonia HERNANDES for suspicion of money laundering and fraud related to Brazilian organized crime.

11. ICE seized a total of $56,467.00 (U.S. currency) under the provision 31 USC 5316 and 31 USC 5332. Estevam and Sonia HERNANDES were transported to the Miami Federal Detention Center to await judicial proceedings and their minor son was released to the custody of their adult daughter Fernanda HERNANDES.

12. Based on the foregoing facts, your affiant submits that probable cause exists to believe that the defendants did knowingly and intentionally transport and attempt to transport currency and monetary instruments of more than ten thousand dollars ($10,000.00) from a place outside of the United States to or through a place inside the United States with the intent to evade currency reporting requirements by knowingly concealing more

than ten thousand dollars ($10,000.00), in currency or other monetary instruments, in violation of Title 31, United States Code, Section 5332(a)(1); and, in a matter within the jurisdiction of the United States, knowingly and willfully made false statements as to a material fact to an Officer of the United States Customs and Border Protection (CBP), in violation of Title 18, United States Code, Section 1001.

FURTHER AFFIANT SAYETH NAUGHT

EDWIN SANTIAGO, SR. SPECIAL AGENT
UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT

Sworn and subscribed to before me
this January 9, 2007

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE