UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 07-mj-02019-AMS

UNITED STATES OF AMERICA

vs.

ESTEVAM HERNANDES-FILHO, and
SONIA HADDAD MORAES HERNANDES,

    Defendants.
_____/

## GOVERNMENT'S MOTION TO MODIFY BOND

The United States of America, by and through the undersigned Assistant United States Attorney, hereby moves, pursuant to 18 U.S.C. § 3142(c)(B)(3), for a modification of the Defendants' bond due to recent events made known to the Government. In support of this Motion, the Government states as follows:

### I. BACKGROUND

1. On January 8, 2007, the Defendants arrived at the Miami International Airport on TAM Airlines flight #8090 from Sao Paulo, Brazil.

2. Upon arrival at CBP Passport Control, Mr. Hernandes-Filho presented a Protection (CBP) Form 6059B (Customs Declaration) in the Portuguese language to a CBP officer on behalf of himself, Ms. Hernandes, and their son, Gabriel Hernandes. Question 13 on Form 6059B requires a YES/NO response to the question, which translated from Portuguese to English states: "I am (We are) carrying currency or monetary instruments over $10,000 U.S. or foreign equivalent." The Defendants marked the "NO" box in response to Question 13 and did not declare any amount on the form.

1

3. The CBP Officer stamped Mr. Hernandes-Filho's Form 6059B and referred him and his wife to CBP secondary for further examination.

4. CBP Officers then escorted the three subjects to CBP secondary inspection for an examination of their luggage. CBP Officers asked how much currency the family was traveling with and Mr. Hernandes-Filho stated he had $10,000, after which, Ms. Hernandes stated that she was also in possession of an additional $10,000.

5. CBP Officers then presented Mr. Hernandes-Filho with a FinCEN 105 (Report of International Transportation of Currency or Monetary Instruments) presented in the Spanish language, at which point he wrote out a monetary declaration of $21,000 (U.S. Currency). CBP Officers then proceeded to ask if they were in possession of any additional currency, to which both Defendants replied "No." Upon request for presentation of the money, Mr. Hernandes-Filho advised that the currency was located inside his wife's purse.

6. At that point, CBP Officers began an examination of the luggage (eight pieces) and observed several bundles of currency contained within different compartments of their suitcases. CBP officers stopped the search and escorted the Defendants to the Concourse B enforcement area to complete the search. CBP officers again asked the Defendants to present all currency in their possession, at which point, they presented Ms. Hernandes' purse. A verification of funds in the purse resulted in the discovery of $17,679.00. CBP officers asked again if that was all the money in their possession and again the Defendants stated "yes."

7. A thorough search of the Defendants' luggage proved otherwise and resulted in the discovery of a total of $56,467.00 (U.S. currency) in the following locations: $9,088 inside the bible's cover within Ms. Hernandes' suitcase; $10,000 in a jacket within Mr. Hernandes-Filho's

suitcase; and $10,000 within the Defendants' son's back pack (carry-on) as well as an additional $9,700 inside a CD case.

8. Ultimately, Immigration and Customs Enforcement seized a total of $56,467.00 (U.S. currency), well in excess of the amount the Defendants claimed to have in their possession.

9. On January 9, 2007, the Defendants were charged by Complaint with violations of: (1) 31 U.S.C. § 5332(1) and 18 U.S.C. § 2 by knowingly and willfully evading a currency requirement under 31 U.S.C. § 5316 by concealing approximately $56,000 on their person and attempting to transport such currency to a place within the united States; and (2) 18 U.S.C. § 1001 and 18 U.S.C. § 2 by knowingly and willfully making false statements as to a material fact to an Officer of the Bureau of Customs and Border Protection.

10. At the Defendants' initial appearance on January 9, 2007, the court set a $50,000 personal surety bond and a $50,000 ten-percent bond, with a *Nebbia* requirement, as to each Defendant.

11. On January 11, 2007, after Defendants' temporary counsel provided *Nebbia* documentation, the parties' stipulated on the record that the *Nebbia* requirement had been satisfied. At this hearing, the Court, for purposes of the parties' and the Court's convenience, changed the bond to a $100,000 five-percent bond as to each Defendant.

12. Defendants' arraignment is set for January 24, 2007.

## II. RECENT EVENTS AFFECTING THE ASSESSMENT OF DEFENDANTS' RISK OF NON-APPEARANCE

13. On or about January 10, 2007, the Brazilian authorities issued arrest warrants ("Brazilian Arrest Warrants") for both Defendants relating to their investigation of the Defendants for, among other things, tax evasion and money laundering. The statutory maximum that Defendants face in relation to the Brazilian authorities' investigation is ten (10) years. The Government was

made aware of the existence of the Brazilian Arrest Warrants on or about January 12, 2007 through ICE and the U.S. Department of Justice's Office of International Affairs ("OIA").[1]

14. The Brazilian Arrest Warrants allege, among other things, that:

   a. the Defendants are the heads of the "Renascer Church" (i.e., the Church of Renewal), which engages in organized crime activity, including tax evasion and other fraudulent conduct;

   b. the Defendants, as heads of the Renascer Church, oversee a complex web of shell corporations whose primary function is the laundering of money generated from criminal activities;

   c. these shell corporations also engage in fraudulent activity by entering into financial obligations that they have not satisfied; and

   d. as a result of Renascer Church and its complex web of shell corporations, the Defendants' actual income and property is incompatible with their declared income and assets.

15. Upon issuance of the Brazilian Arrest Warrants, the Brazilian authorities began the process of applying for a "Red Notice" with Interpol, which, if issued, would constitute the initial step for ultimately extraditing the Defendants to Brazil.

16. The Defendants are permanent resident aliens and, if convicted of the charges set forth in the Complaint, will face deportation after serving their period of incarceration in the United

---

[1] The Brazilian Arrest Warrants and other supporting documentation were provided to undersigned counsel in Portuguese. Given the fast-moving nature of the events set forth above and its implications for the Defendants' risk of non-appearance in the Government's case, formal translations of these documents are not available as of the date of this Motion. However, the summary of the Brazilian Arrest Warrants set forth in this Motion have been discussed with OIA for purposes of their accuracy.

4

States. Upon which time they would return to Brazil to face any pending charges in that jurisdiction.

17. As a result of the recent developments relating to the Brazilian authorities' investigation of the Defendants—and the Defendants' apparent ability to obscure their actual income and assets through a series of shell corporations—the Government is concerned as to whether the current bond is sufficient to assure Defendants' appearance on the charges set forth in its January 9, 2007 Complaint.

WHEREFORE, based on the foregoing, the United States of America respectfully requests that this Court enter an Order modifying the Defendants' bond and providing for a $250,000 corporate surety bond, with a *Nebbia* requirement, as to each Defendant.

    Respectfully submitted,

    R. ALEXANDER ACOSTA
    UNITED STATES ATTORNEY

By:  s/ Armando Rosquete
    ARMANDO ROSQUETE
    Assistant United States Attorney
    Florida Bar No. 0648434
    99 N.E. 4th street
    Miami, FL 33132
    Telephone: (305) 961-9377
    Fax: (305) 530-7976
    E-mail: armando.rosquete@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 16th day of January 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ Armando Rosquete
Armando Rosquete
Assistant United States Attorney
